UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE:                                                                         CASE NO: 05-18641
CHAPTER 13

William B. Richards, Jr.

Debtor(s)

## CHAPTER 13 PLAN

[ X ] ORIGINAL OR [   ] AMENDMENT NO: _____      [   ] PRE CONFIRMATION     [   ] POST CONFIRMATION

GENERAL PROVISIONS

    This Plan will use the term "Debtor" to refer to the person or both persons who filed the Petition in this case. Terms listed after a "[ ]" are applicable only if the box is checked.

    A. PLAN PAYMENT:    The Debtor submits all or such portion of Debtor's future income to the control of the Trustee as is, or may be necessary for the execution of the Plan. The Debtor, or Debtor's employer, shall pay to the Trustee the sum of $_____$210.00_____ per [ ] week, [ ] bi weekly, [ ] semi-monthly, [ X ] monthly, or [ ] other_____.

    B. LIQUIDATION TEST: The amount to be distributed on each allowed unsecured claim under the plan shall not be less than the value as of the Petition date of the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

    C. DISPOSABLE INCOME AND TAX REFUNDS: If this Plan provides for a dividend of less than 100% to all filed and allowed general unsecured creditors, Debtor agrees to pay into the Plan all disposable income as defined in 11 USC §1325 (b)(2) for a period of not less than 36 months from the date the first plan payment was due, including tax refunds and property tax credits received during that period. The Debtor agrees to maintain the same level of exemptions as when the case was filed except as dictated by a change in dependency allowance(s) and/or marital status. The Trustee shall have the discretion to increase the percentage to unsecured creditors as a result of additional payments made under this provision.

    D. BALLOON PAYMENT: The Debtor shall remit such additional sums as may be necessary to complete payments required under the Plan within 60 months of Plan confirmation.

    E. VESTING OF ESTATE PROPERTY: Upon confirmation of the Plan all property of the estate shall vest in the Debtor, except for the future earnings of the Debtor and other property specifically devoted to the Plan.

    F. PROHIBITION AGAINST INCURRING POST PETITION DEBT AND DISPOSAL OF PROPERTY: During the term of this Plan, the Debtor shall not incur post-petition debts in the excess of $1000.00 without first obtaining approval from the Court and may not dispose of any non exempt real or personal property of a value greater than $1000.00 without first obtaining the consent of the Court.

    G. UNSCHEDULED CREDITORS FILING CLAIMS: If a creditor's claim is not listed in the schedules, but the creditor nevertheless files a timely proof of claim, the Trustee is authorized to classify the claim into one of the classes under this plan and to pay the claim within that class, unless the claim is disallowed.

    H. PLAN REFUNDS: The Trustee may in the exercise of his duties to assist the Debtor in performance under the Plan, grant reasonable refunds to the Debtor from funds paid to the Trustee but not distributed to creditors to meet emergency situations which might arise during the plan. The plan duration shall be extended to the extent necessary to repay all refunds granted.

    I. ADDING CREDITORS: If an omitted creditor files a claim within the bar date, that creditor shall be paid pursuant to the Confirmed Plan. If a creditor is omitted the debtor shall be allowed to amend the schedules to add a

creditor before and after confirmation, the Debtor shall notice all creditors the amendment, and the omitted creditor shall be allowed ninety (90) days to file a claim and be paid pursuant to the confirmed plan.

TREATMENT OF CLAIMS:

    A. PRIORITY CLAIMS: Debtor shall pay in full, in deferred cash payments, all allowed claims entitled to priority under 11 USC §507.

        The Trustee shall be paid the percentage fee set forth from time to time by the U.S. Attorney General. Such fee shall be taken on all Plan receipts at the time the funds are distributed by the Trustee to any party other than the Debtor.

        Counsel for the Debtor has received a retainer of $1,800.00 prior to the filing of the case. The balance of attorney fees in the amount $0.00 plus additional attorney fees as may be allowed are to be paid as an administrative expense through the Plan. After Trustee's fee and prior to ongoing monthly mortgage/land contract payments to creditors, counsel for the Debtor shall be paid a minimum of $250.00 after confirmation and 20% of subsequent monthly Plan payments thereafter until paid in full.

        Priority claims that are timely filed shall be paid as follows:
            Real estate tax claims shall be paid pro-rata, subsequent to monthly payments on the Debtor's residence, but together with all remaining secured claims.
            Other priority claims shall be paid subsequent to the payment of all secured claims.
            Unless otherwise specified, claims of the Friend of the Court shall be paid directly by the Debtor.
            Other priority payment provisions:

    B. SECURED CLAIMS:

1. Real property creditors (if any) shall be treated as follows:

    No further payments shall be made to Bank of America and Fifth Third with regard to the property located at 9445 Long Lake Rd, Traverse City Michigan and said creditors shall retain their liens and be allowed to foreclose their interests.

    Debtor shall continue to pay Chase Bank $473.49 per month, outside the Plan and direct, with regard to it's mortgage on 4013 Ingham St, Lansing, MI and Chase shall maintain it's lien against the property, as the payments are current.

    Debtor shall continue to pay Washington Mutual $428.47 per month, outside the Plan and direct, with regard to it's mortgage on 307 W. Scott, Grand Ledge MI and Washington Mutual shall maintain it's lien against the property, as the payments are current

    Debtor will sell his interest in the property located at 316 & 316 ½ South St, Grand Ledge, Mi when such interest has been determined, at the earliest practicable date, and the net proceeds, in excess of Debtor's exemption, shall be dedicated to the Plan.

    Eaton County Treasurer shall be paid through Debtor's Plan for the unpaid taxes on 316 & 316 ½ South St from the sale proceeeds of said property, when sold, and no monthly payments will be made through the Plan.

    Personal Property

        Collateral to be retained: Each secured creditor in this class shall retain its lien and shall be paid in full to the allowed value of the underlying collateral. In addition, interest on the secured value shall be paid at the lower of the contract rate or the rate specified below. Each secured creditor shall be paid pro-rata with other secured claims unless otherwise indicated below. The excess if any secured claim over the value of the collateral shall be paid in the same manner as a general unsecured claim.

        Secured creditors in this class, their collateral, its value and method of payment are as follows:

2

| creditor | collateral | value | interest rate | pro-rata or minimum monthly payment |
|---|---|---|---|---|
| GMAC | 2002 Saturn | $4,745 | 8% | |

    b) Collateral to be surrendered: The collateral for the following secured claims shall be surrendered to the creditor in satisfaction of its secured claim and any deficiency claim which is timely filed shall be treated as a general unsecured claim.

| creditor | collateral | estimated value |
|---|---|---|
| None | | |

    C.    EXECUTORY CONTRACTS:    (other than land contracts)

    1. The Debtor has the following executory contracts, which may include tenancy leases, vehicle leases, so called rent to own contracts and the like which will be treated as follows:

| creditor | property | assume or reject | payment am't | # mo. remaining | trustee or debtor |
|---|---|---|---|---|---|
| | | | | | |

Pre-petition defaults on assumed executory contracts shall be treated as follows:

UNSECURED CREDITORS:

GENERAL UNSECURED CREDITORS: Claims in this class are to be paid from funds available after dividends to secured and priority creditors and monthly payments to creditors indicated in classes above. The payment to allowed general unsecured claimants will be satisfied by:
    [ X ]    a. Payment of a pro-rata share of a minimum fixed amount of $2,000.00 set aside for creditors in this class, or a pro-rata share of Debtor(s)' disposable income as defined in Paragraph C of General Provisions, whichever is greater.
    [ ]    b. Payment of a pro-rata share of a fixed amount of $_____ set aside for creditors in this class.
    [ ]    c. Payment in full plus post petition interest of _____%.

    Special unsecured creditors: Claims in this class may include debts co-signed by an individual other than the Debtor, debts for non-sufficient funds (NSF) checks, for continuing professional services or debts that may be non-dischargeable such as student loans or criminal fines. Claims in this class include:

| creditor | reason for special treatment | interest rate to be paid |
|---|---|---|
| | | |

    [ ]    a. Claims of the above creditors will be paid in full to be disbursed pro-rata with dividends to allowed general unsecured creditors until all unsecured creditors have been paid the base or percentage provided or the Plan has continued for 36 months, whichever provides the greater dividend to unsecured creditors; at which time dividends to special unsecured creditors shall continue until the claim is paid in full, including interest if specified above.

    [ ]    b. The special unsecured claim of _____ shall be paid as follows:

SPECIAL PROVISIONS:

    Tax returns: All tax returns which have become due prior to the filing of this case have been filed, except as follows:

Debtor engaged in business:

3

[ ]   If this box is "checked", the Debtor is self employed and incurs trade credit in the production of income from such self employment.

11 USC §1304(b) and (c) regarding operation of the business and duties imposed upon the Debtor are incorporated herein by reference.

The Debtor shall comply with the provisions of any Definitive Order entered by the Court, including but not limited to the filing with the Trustee of such business operating reports and income tax returns as are required on a monthly basis or otherwise.

D:   OTHER PLAN PROVISIONS NOT SEPARATELY SET FORTH ABOVE:

Debtor will dedicate any net proceeds from his interest in Keyton's Development Corp and/or Oakwood Property Management, LLC, which is recovered in the first 36 months of the Plan, to the Plan.

DATED: 10/21/5

William B. Richards, Jr., Debtor

PREPARED BY:

DEBT RELIEF LEGAL CLINIC
OF MICHIGAN, P.C.

By GREGORY W. SMITH (P20657)
ATTORNEYS FOR DEBTOR(S)
4710 W. Saginaw Hwy., Suite 7
Lansing, MI 48917
(517)321-6804

4